FILED

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUN 16 2006
THOMAS K. KAHN
CLERK

No. 06-12486-H

Dist.Ct. Docket No. 04-00226-CR-T-17-TBM

IN RE:

CHRISTOPHER J. BENBOW,

Petitioner.

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida

**ORDER:**

Christopher J. Benbow moves this Court to file a mandamus petition in forma pauperis (IFP). In the mandamus petition, Benbow contends that the district court violated his Fifth Amendment right to due process, as well as 21 U.S.C. § 853, by permitting the pre-trial sale of his condominium without first requiring the government to prove his guilt of the underlying criminal charge and without allowing him an opportunity to respond to the government's motion for sale. He requests this Court to dissolve the district court's order authorizing the interlocutory sale of the condominium and enjoin the district court from entering any other orders which approve the sale of Benbow's property before trial.

Any court in the United States may authorize the commencement of a proceeding without

prepayment of fees by a person who submits an affidavit that includes a statement of assets that the person possesses and indicates that the person is unable to pay such fees. The court, however, may dismiss the action at any time if it determines that the allegation of poverty is untrue or the action or appeal is frivolous. See § 1915(e)(2)(A) & (B). Because Benbow's mandamus petition is frivolous, his motion to proceed IFP will be denied for the reasons set forth below.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997). The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. See Mallard v. United States Dist. Court, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

The U.S. Supreme Court recently summarized the standards that govern petitions for writs of mandamus against a lower court. Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). The Court explained that a writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." Id. at 380, 124 S.Ct. at 2586 (citation and internal quotations omitted). The Court noted that three conditions must be satisfied before the writ can issue: (1) the party seeking issuance of the writ must have no other adequate means to obtain the relief requested, which ensures that the writ is not used as a substitute for the regular appellate process; (2) the petitioner must demonstrate a clear and indisputable right to issuance of the writ; and (3) the issuing court, in the exercise of its discretion, must be satisfied that the writ is justified by the circumstances of the case. Id. at 380-81, 124 S.Ct. at 2587.

Here, Benbow is not entitled to relief because he has adequate alternative remedies in the lower court. The remedy which Benbow seeks – dissolution of the district court's order of

interlocutory sale – is properly sought in the court in which the criminal forfeiture case is pending. Roberts v. United States, 141 F.3d 1468, 1471 (11th Cir. 1998). Thus, Benbow could file, in the district court, a motion to vacate the order of interlocutory sale and to hold an evidentiary hearing on the motion as the district court had advised him he should do. See Roberts, 141 F.3d at 1471 (dealing with a protective order entered under 21 U.S.C. § 853(e) and noting that § 853(e) does not exclude the authority to hold a hearing subsequent to the initial entry of the order, and the court may at that time modify the order or vacate an order that was clearly improper); see also United States v. Bissell, 866 F.2d 1343, 1349 (11th Cir. 1989) (government restraint on assets pretrial does not require hearing, but defendant may challenge the validity of such a restraint after an order has been entered). Further, Benbow could immediately have appealed the April 20 order to this Court as well. Finally, a denial of any motion to vacate the April 20 order that Benbow may now wish to file would be reviewable by this Court as an interlocutory order under 28 U.S.C. § 1292(a)(1). See Roberts, 141 F.3d at 1471. Benbow may not use the writ of mandamus as a substitute for the appellate process, however. See Cheney, 542 U.S. at 380-81, 124 S.Ct. at 2587. Accordingly, since Benbow has adequate alternative remedies, his motion to proceed IFP is **DENIED**.

UNITED STATES CIRCUIT JUDGE

# United States Court of Appeals
### Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

June 16, 2006

Kenneth Siegel
14502 North Dale Mabry, Suite 200
Tampa FL 33618

**Appeal Number: 06-12486-H**
Case Style: In Re: Christopher J. Benbow
District Court Number: 04-00226 CR-T-17-TBM

---

Enclosed is the court's order denying your motion for leave to proceed with this matter in forma pauperis. Unless you forward the $450 docket fee to this office, as required by 28 U.S.C. § 1913 and Fed.R.App.P. 21, within fourteen (14) days from this date, this petition will be dismissed pursuant to 11th Cir. R.42-1(b).

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Liz McDonald/wl/404-335-6187

c: District Court Judge (info. copy)
Clerk of District Court

Encl.

PRO-6 (03-2004)